UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
YAKOV SLEPOY,

      Plaintiff,

 -against-

MR. ALAN AUGENBRAUN,

      Defendant.
----------------------------------------------------------x

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

MEMORANDUM
AND ORDER

11-CV-2436 (ARR)

ROSS, United States District Judge:

On May 17, 2011, plaintiff Yakov Slepoy, appearing *pro se*, filed this civil action against defendant Augenbraun. The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this order. The complaint is dismissed as set forth below.

## **Background**

Plaintiff alleges "1. Ass[a]ult of plaintiff with promise to kill and cut neck in presence of witnesses. 2. Discrimination on open SSI cases for 3.5 years." Compl. at 1, ¶ III. He seeks to "restore of plaintiff good reputation" and "compensation for physical and moral loss [and] monetary loss." Compl. at 1, ¶ IV. Last year, plaintiff filed a similar complaint wherein he alleged that defendant gave him falsified documents and "said to plaintiff in person, in witnesses that plaintiff will be killed anyway." Slepoy v. Augenbraun, No. 10-CV-2046 (ARR), slip op. at 1 (E.D.N.Y. May 11, 2010) (complaint dismissed for failure to state a claim). Compl. at 1, ¶ III. Defendant Augenbraun is the Field Office Manager for the Social Security Administration office located at 2250 Nostrand Avenue, Brooklyn, NY 11210 where plaintiff applied for disability and supplemental security income ("SSI") benefits. See Slepoy, No. 10-CV-2046, slip op. at 1.

## Standard of Review

In reviewing the complaint, the court is aware that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Nonetheless, pursuant to the *in forma pauperis* statute, the court must dismiss the action if it determines that it is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## Discussion

As in plaintiff's recently-filed cases, he submits a number of disparate documents, consisting of over 350 pages, most of which are correspondence to numerous media organizations and politicians regarding corruption, non-related state court matters, and medical records.

Plaintiff's allegation of assault and threats allegedly made by defendant Augenbraun are not properly filed in this court. Allegations of criminal conduct should be presented to law enforcement authorities, such as the police department and the district attorney's office. In any event, plaintiff cannot initiate or compel the initiation of criminal proceedings against another individual. Leeke v. Timmerman, 454 U.S. 83 (1981); see also Mroz v. City of Tonawanda, 999 F.Supp. 436, 465 (W.D.N.Y. 1998) (citing Beal v. City of New York, No. 92 Civ. 718, 1994 WL 163954, at *6 (S.D.N.Y. Apr. 22, 1994) (granting defendant police officer's motion for summary judgment dismissing § 1983 claim based in part on alleged use of foul language and threats of bodily harm to plaintiff), aff'd, 89 F.3d 826 (2d Cir. 1995)).

To the extent plaintiff alleges that defendant has discriminated against him on his "open SSI cases for 3.5 years," see Compl. at 1, ¶ III, he fails to provide any allegations to support this conclusory claim. A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will have facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' . . . will not do. Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557 (citation and brackets omitted)).

Based on plaintiff's attached submissions, it appears that he is not eligible for SSI benefits because his monthly income is too high. See Compl., Unmarked Exhibit, ECF Docket Entry 1-2 p. 41, Notice dated 4/8/10 from Mr. Korenblit, Claims Representative of the Social Security Administration, Flatbush District Office; see also ECF Docket Entry 1-3 p. 63, Letter dated January 19, 2010 from SSA; ECF Docket Entry 1-3 pp. 67-72, Letter dated December 15, 2010 from SSA. Plaintiff filed a request for reconsideration which is stamped January 14, 2011 by the SSA office. Compl., Unmarked Exhibit, ECF Docket Entry 1-2 p. 7. On February 8, 2011, SSA denied his request for reconsideration and informed plaintiff on how to request a hearing before an administrative law judge. Compl., Unmarked Exhibit, ECF Docket Entry 1-4 pp. 12-13. On March 15, 2011, the SSA acknowledged plaintiff's request for a hearing. Compl., Unmarked Exhibit, ECF Docket Entry 1-4 pp. 17-18. There are no other documents related to whether a hearing was scheduled.

Although plaintiff alleges "discrimination on open SSI cases for 3.5 years," see Compl. at 1, ¶ III, he fails to provide any facts to support a discrimination claim against defendant Augenbraun.

To the extent plaintiff seeks judicial review of the denial of SSI benefits, that claim is not ripe for review at this time since he is currently pursuing his administrative remedies in order to receive SSI benefits. In any event, the proper defendant in a lawsuit for the denial of SSI benefits is the Commissioner of Social Security, not an individual employee. See 42 U.S.C. § 405(g).

### Warning

Plaintiff is no stranger to this court. In addition to this action, plaintiff has filed the following cases in this court. See Slepov v. City of New York, No. 10-CV-1814 (ARR) (dismissed); Slepov v. Kliger, No. 10-CV-1888 (ARR) (dismissed); Slepov v. Simkhovich, No. 10-CV-1889 (ARR) (dismissed); Slepov v. Law Office of Bukh and Associates, et al., No. 10- CV-2045 (ARR) (dismissed); Slepoy v. Augenbraun, No. 10-CV-2046 (ARR) (dismissed); Slepoy v. City of New York, No. 11-CV-1651 (ARR) (filed Mar. 28, 2011). Plaintiff is cautioned again that "[t]he district courts have the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted); Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (*per curiam*).

### Conclusion

Accordingly, this complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. Plaintiff may file a new action against the Commissioner of Social Security within 60 days of his receipt of the Appeal Council letter. 42 U.S.C. § 405(g). Plaintiff is directed to use the court's Social Security Complaint form for any such action.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied in each action for the

purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

    SO ORDERED.

/Signed by Judge Ross/
_____
Allyne R. Ross
United States District Judge

Dated: June 15, 2011
       Brooklyn, New York